ANTHONY GOLDSMITH, Esq (SBN 125621)
STEVEN L. DERBY, Esq. (SBN 148372)
DERBY, McGUINNESS & GOLDSMITH, LLP
21550 Oxnard Street, Suite 300
Woodland Hills, CA  91367
Telephone:  (818) 213-2762
Facsimile:  (510) 359-4419
info@dmglawfirm.com

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY PHILLIPS and JUNE PHILLIPS,<br><br>Plaintiffs,<br><br>v.<br><br>PILGRIM CREEK ESTATES HOMEOWNERS ASSOCIATION and DOES 1 through 20, Inclusive,<br><br>Defendants. | CASE NO. **'19CV102  AJB  WVG**<br><br>**COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF AND DAMAGES**<br><br>1. **Fair Housing Act, 42 U.S.C. § 3605(f)** *et seq.*;<br>2. **California Fair Employment and Housing Act CA Gov.C. § 12926** *et seq.*;<br>3. **Unruh Act, CA Civ.C.§ 51** *et seq.*;<br><br>**DEMAND FOR JURY TRIAL** |

## I.  INTRODUCTION

1.     Plaintiffs JEFFREY PHILLIPS and JUNE PHILLIPS ("Plaintiffs") are persons with disabilities with the right to seek reasonable accommodations of their disabilities from Defendant PILGRIM CREEK ESTATES HOMEOWNERS ASSOCATION and DOES 1 -20 (Defendants). Despite repeated requests by Plaintiffs, Defendants have refused Plaintiffs' requests, refused to engage into a timely and good faith interactive process, refused to offer any alternative accommodations and have retaliated against Plaintiffs for having made the requests for accommodation. Plaintiffs seek an injunction requiring Defendants to cease violating the law, damages for their harms and losses flowing from Defendants' denial and retaliation, and an award of reasonable attorneys' fees, costs and litigation expenses.

## II. JURISDICTION AND VENUE

2. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 in that the claims alleged herein arise under the laws of the United States. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear and determine plaintiffs' state law claims because those claims are related to plaintiffs' federal law claims and arise out of a common nucleus of related facts. All of plaintiffs' claims form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper under 28 U.S.C. § 1391 in that the claims alleged herein arose within San Diego County, California.

## III. PARTIES

4. Plaintiffs both suffer from mobility impairments that substantially limit their activities including walking and use mobility aids including wheelchairs, walkers and canes to ambulate outside of their home. Thus, Plaintiffs are persons with a disability within the meaning of the federal Fair Housing Act (42 U.S.C. § 3602), the California Fair Employment and Housing Act ("FEHA") (Government Code §§ 12926 and 12926.1), the California Unruh Civil Rights Act ("Unruh Act") (Civil Code § 51) and Civil Code § 3345.

5. Plaintiffs, through their family trust, are the legal owners of home located at 5256 Harvest Court Oceanside, California and lease a space for a Recreational Vehicle (RV) within the purview of a common interest development governed and managed by Defendants (hereinafter "Pilgrim Creek Estates). Plaintiffs are informed, believe and thereon allege that Pilgrim Estates is, and at all times herein mentioned, was and is a dwelling within the meaning of the Fair Housing Act, 42 U.S.C. § 3602(b) and a housing accommodation within the meaning of FEHA, Government Code § 12927(d).

6. Plaintiffs are informed, believe and thereon allege that Defendant PILGRIM CREEK ESTATES HOMEOWNERS ASSOCIATION (hereafter, "the HOA"), is, and at all times herein mentioned, was, a Corporation organized and existing under the laws of the State of California with principle offices located at 1425 W. Foothill Blvd. Suite 200 Upland, California.

Plaintiffs are further informed, believe and thereon allege that the HOA is an "owner" within the meaning of FEHA, Government Code § 12927(e), and a "business establishment" under the Unruh Act, Civil Code § 51.

7. Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as DOES I through 20, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained.

8. Plaintiffs are informed, believe and thereon allege that each Defendant was, at all times relevant, the agent, employee or representative of each other defendant. Each Defendant, in doing the acts or in omitting to act as alleged in this Complaint, was acting within the course and scope of his or her actual or apparent authority pursuant to such agency, or the alleged acts or omissions of each Defendant as agent were subsequently ratified and adopted by each Defendant as principal.

## IV.  FACTS COMMON TO ALL CAUSES OF ACTION

9. Plaintiffs, through their family trust, purchased a home located 5256 Harvest Court Oceanside, California. That home is subject to a Declaration of Covenants, Conditions and Restrictions (CCR's) which govern their use of and conduct in an around their home. These CCR's prohibit, among other things, overnight parking of vehicles on the street.

10. Several times beginning in April 2016 and as late as September 2018, Plaintiffs made written requests to Defendants asking for reasonable accommodation to park one of their vehicles on the street overnight.

11. On November 1, 2016, Plaintiff JUNE PHILLIPS provided a doctor's note via email to the HOA asking for reasonable accommodation to park one of the vehicles on the street.

12. Defendants have ignored Plaintiffs' repeated requests, have refused to timely engage in the interactive process in good faith and have refused to grant Plaintiffs' request for reasonable accommodation and have refused to offer any alternative reasonable accommodation.

13. HOA then compounded its discrimination against Plaintiffs by repeatedly issuing "parking tickets" to Plaintiffs, by suspending Plaintiffs' Clubhouse privileges without a hearing, by issuing "citations" for "unapproved trees" and other intentional discriminatory actions

designed to further discriminate against Plaintiffs and retaliate against them for asserting their rights under state and federal disability access laws.

14. Based upon the fact that the HOA allows other residents, including HOA Board members, to park in the street with impunity, Plaintiffs are informed, believe and thereon allege that HOA and its agents including all defendants herein have demonstrated actual animus towards disabled residents such as Plaintiffs herein.

15. On December 19, 2016, Plaintiff JUNE PHILLIPS dual-filed a complaint with the Department of Fair Employment and Housing (DFEH) and with the Department of Housing and Urban Development (HUD) alleging housing discrimination based upon the same facts as set forth herein. On December 5, 2017, DFEH issued a "Notice of Case Closure" and provided no explanation for the action taken. On December 14, 2017, Plaintiff JUNE PHILLIPS appealed that action the Appeals Unit of the DFEH.  On July 26, 2018, her appeal was denied.

16. Because of Defendants' unlawful acts and practices, Plaintiffs have suffered and continue to suffer daily emotional distress; including humiliation, mental anguish, and attendant bodily injury, violation of their civil rights, loss of dignity, embarrassment; and has otherwise sustained injury.  Defendants deprived and continue to deprive Plaintiffs of the full use and enjoyment of their home and have access to recreational facilities to the same extent as someone who is not disabled. Defendants refused to comply with their obligations under state and federal disability laws.

17. The HOA's refusal to grant the reasonable accommodation request, to timely engage in good faith in the interactive process, to offer an alternative accommodation, and repeated retaliatory actions after Plaintiffs' repeated requests evidences a stubborn and malignant intent to discriminate, despite actual knowledge of the law.

18. In doing the acts of which Plaintiffs complain, Defendants acted with oppression and malice, and with knowing disregard of Plaintiffs' rights.  Accordingly, Plaintiffs are entitled to punitive and exemplary damages.

19. In engaging in the unfair acts of which Plaintiffs complain, Defendants knew that their conduct was directed at a disabled person, Plaintiffs, and that conduct caused them harm,

1  entitling them to a trebling of penalties and statutory and punitive damages pursuant to Civil
2  Code section 3345.
3     20.   Unless enjoined, Defendants will continue to engage in the unlawful acts and the
4  pattern or practice of discrimination described in this complaint against Plaintiffs and other
5  disabled persons as well as those who live with them.  Plaintiffs continue to suffer irreparable
6  damage and thus has no adequate remedy at law.  Accordingly, Plaintiffs are entitled to
7  injunctive relief as set forth below.

## V.   CLAIMS

### A.   FIRST CLAIM

**[Violation of Fair Housing Act]**

12     21.   Plaintiffs re-allege and incorporate by reference each of the allegations contained
13  in paragraphs 1 through 20 of this complaint as is more fully set forth herein.
14     22.   Based upon the foregoing, Defendants have violated the protections afforded to
15  Plaintiffs under 42 U.S.C. § 3604(f), including but not limited to (a) refusal to make reasonable
16  accommodations in rules, policies, practices, or services when these accommodations may be
17  necessary to afford Plaintiffs equal opportunity to use and enjoy their dwelling (b) by refusing to
18  timely engage in good faith in the interactive process (c) by refusing to offer reasonable
19  alternative accommodations (d) harassment of and retaliation against Plaintiffs for making their
20  reasonable accommodation requests and because Plaintiff JUNE PHILLIPS made a complaint to
21  the DFEH.
22     23.   Based upon the foregoing, Plaintiffs are entitled to actual damages, punitive and
23  exemplary damages and injunctive relief as set forth below.

### B.  SECOND CLAIM

**[Violation of California Fair Employment and Housing Act]**

27     24.   Plaintiffs re-allege and incorporate by reference each of the allegations contained
28  in paragraphs 1 through 23 of this complaint as is more fully set forth herein.

25. Based upon the foregoing, Defendants have violated the protections afforded to Plaintiffs under California Government Code § 12926 *et seq.*, including but not limited to (a) refusal to make reasonable accommodations in rules, policies, practices, or services when these accommodations may be necessary to afford Plaintiffs equal opportunity to use and enjoy their dwelling (b) by refusing to timely engage in good faith in the interactive process (c) by refusing to offer alternative accommodations (d) harassment of and retaliation against Plaintiffs for making their reasonable accommodation requests and because Plaintiff JUNE PHILLIPS made a complaint to the HUD.

26. Based upon the foregoing, Plaintiffs are entitled to actual damages, punitive and exemplary damages and injunctive relief as set forth below.

### C. THIRD CLAIM

### [Violation of California Unruh Civil Rights Act]

27. Plaintiff re-alleges and incorporates by reference each of the allegations contained in paragraphs 1 through 26 of this complaint as is more fully set forth herein.

28. Based upon the foregoing, Defendants have violated the protections afforded to Plaintiff under California Civil Code § 51 *et seq.,* including but not limited to (a) refusal to make reasonable accommodations in rules, policies, practices, or services when these accommodations may be necessary to afford Plaintiffs equal opportunity to use and enjoy their dwelling (b) by refusing to timely engage in good faith in the interactive process (c) by refusing to offer alternative accommodations (d) harassment of and retaliation against Plaintiffs for making their reasonable accommodation requests and because Plaintiff JUNE PHILLIPS made a complaint to the DFEH.

29. Based upon the foregoing, Plaintiffs are entitled to statutory damages, actual damages, punitive and exemplary damages and injunctive relief as set forth below.

///

///

///

### E. FOURTH CLAIM

### [Declaratory Relief]

30. Plaintiffs re-allege and incorporate by reference each of the allegations contained in paragraphs 1 through 29 of this complaint as is more fully set forth herein.

31. An actual controversy has arisen and now exists between the parties concerning Plaintiffs' civil rights. Plaintiffs contends they have a right to a reasonable accommodation in the form of a change in the HOA's policies, programs and procedures to allow them to park a vehicle in the street. Defendants contend otherwise.

32. A judicial declaration pursuant to California Code of Civil Procedure section 1060 is necessary and appropriate at this time so that Plaintiffs' right to a reasonable accommodation of disability may be determined with certainty.

33. Defendants continue to cite Plaintiffs for parking their vehicle on the street and to suspend Plaintiffs' privileges to common areas because of such fines and on information and belief, has had their credit damaged by the unlawful and unwarranted imposition of the fines. Plaintiffs suffer and will continue to suffer a financial and emotional burden as a result of this unsettled state of affairs.

### VI.  RELIEF

WHEREFORE, Plaintiffs pray for entry of a judgment against Defendants, and each of them, that:

1. Declares that Defendants' refusal to modify its policy to allow Plaintiffs to park a vehicle in the street is a violation of law;

2. Enjoins all unlawful practices complained about herein and imposes affirmative injunctive relief requiring Defendants, their contractors, agents, employees, assignees, and all persons acting in concert or participating with them, to take affirmative action to provide equal housing opportunities to all tenants and prospective tenants without regard to disability as required by State fair housing laws, including but not limited to:

   a. Requiring that defendants and those acting on their behalf formulate and

implement a proper and compliant program of policies, education and training regarding the requirements of state and federal laws with regard to affording disabled and/or handicapped persons reasonable accommodations;

    b.  Grant Plaintiffs' reasonable accommodation request;

    c.  Return their access to all common areas;

    d.  Rescind any action of suspension and correct their records;

    e.  remove from Plaintiffs' credit score and negative comments deriving from Defendants' unlawful fines;

3.  Awards actual and compensatory damages;

4.  Awards statutory damages under the California Unruh Civil Rights Act;

5.  Awards punitive damages;

6.  Trebles the award of penalties, statutory damages and punitive damages pursuant to Civil Code §§ 3345 and 52.1;

7.  Awards costs of suit, including reasonable attorneys' fees; and,

8.  Awards all such other relief as the Court deems just.

### VII.   JURY DEMAND

Plaintiff requests a trial by jury.

Date: January 15, 2019

                                DERBY, McGUINNESS & GOLDSMITH, LLP

                                ___*/s/ Steven L. Derby*_____
                              By Steven L. Derby, Esq.
                              ATTTORNEYS FOR PLAINTIFFS
                              JEFFREY AND JUNE PHILLIPS